UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60663-McCabe

MARY ELIZABETH WRIGHT,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

## ORDER AFFIRMING SOCIAL SECURITY DECISION

THIS CAUSE comes before the Court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Mary Elizabeth Wright's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").   (DE 1).   Plaintiff presents two issues for review:

1. Whether the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence, including the opinions of treating sources Paul W. Wu, M.D.; Frank Snipes, M.D.; and Maria Pimentel, DNP, PMHNP-BC.

2. Whether substantial evidence supported the ALJ's assessment of Plaintiff's subjective complaints.

For the reasons set forth below, the Court finds no error and **AFFIRMS** the Commissioner's decision.

## I.      BACKGROUND

On April 13, 2022, Plaintiff filed applications for DIB and SSI with a claimed disability onset date of April 13, 2022.   (R. 85, 97, 109, 124, 254-64).[1]   After the Social Security

---

[1] The record on appeal is located at docket entry 7.

Administration ("SSA") denied the applications at the lower levels, Plaintiff requested an administrative hearing, which took place on November 22, 2024.  (R. 85-95, 97-107, 109-122, 124-137, 53–83).  Following the hearing, the ALJ issued an unfavorable decision on December 20, 2024.  (R. 7-31).  The SSA Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. (R. 1-6).

The ALJ's decision analyzed Plaintiff's case following the five-step process set forth in 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).  *See Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 852 (11th Cir. 2018) (explaining how the ALJ engages in the five-step process).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2022.  (R. 12).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments:   disorders of the lumbar spine, disorder of the cervical spine, disorder of the left shoulder joint, left thumb carpometacarpal osteoarthritis, right fifth metacarpal open reduction internal fixation, left middle finger fracture, carpal tunnel syndrome status post release, mixed anxiety, and depression.  (R. 12-13).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 13-14).  Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that:

- Plaintiff can occasionally climb;
- Plaintiff can frequently balance, kneel, crouch, and crawl;
- Plaintiff can occasionally stoop;
- Plaintiff can frequently reach, handle, and finger;
- Plaintiff must avoid exposure to workplace hazards such as unprotected heights, moving mechanical parts, and operating heavy machinery;
- Plaintiff can understand, remember, and carry out simple instructions; and
- Plaintiff can adapt to occasional routine and predictable workplace changes.

(R. 15-22).

At step four, the ALJ found that Plaintiff could not perform any past relevant work as a physical instructor. (R. 22). At step five, the ALJ found that other jobs exist in significant numbers in the national economy that Plaintiff can still perform, considering age, education, work experience, and RFC. (R. 23-24). Specifically, the ALJ found Plaintiff can still perform the duties of marker, routing clerk, and housekeeping cleaner. (R. 23-24). As a result, the ALJ found Plaintiff not disabled. (R. 24). Thereafter, the SSA Appeals Council denied review. (R. 1-6). This appeal followed pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

"In Social Security appeals, [a reviewing court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up). A reviewing court must regard the Commissioner's findings of fact as conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is … more than a scintilla … and [it must include] such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (cleaned up).

A reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (cleaned up). So long as substantial evidence supports the Commissioner's decision, and the Commissioner followed proper legal standards, a reviewing court must affirm, even if the court would have reached a contrary result as finder of fact and even if the court finds that the evidence

3

preponderates against the Commissioner's decision.   *See Winschel*, 631 F.3d at 1178; *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## III.   <u>DISCUSSION</u>

Plaintiff urges the Court to reverse the ALJ's decision for two reasons, each of which the Court will address in turn.

### A.   **Evaluation of Medical Opinions**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of three treating sources:   (1) Dr. Paul W. Wu, (2) Dr. Frank Snipes, and (3) APRN Maria Pimentel.   (DE 12 at 11-21).   The ALJ considered the opinions of Dr. Wu and Dr. Snipes together.   The Court will therefore do the same, then turn to the opinion of APRN Pimentel.

#### 1.   **Dr. Wu and Dr. Snipes**

Dr. Wu and Dr. Snipes are treating physicians who each provided opinions.   (R. 20, 2094-97, 2098-2101).   On October 21, 2024, Dr. Wu opined as follows:

- Plaintiff could sit, stand, and walk for less than two hours in an 8-hour workday.

- Plaintiff needs to elevate her legs about three to four times a day for about 15 minutes.

- Plaintiff could lift and/or carry occasionally ten pounds and frequently five pounds.

- Plaintiff could frequently grasp, turn, twist objects, finger, and reach.

- Plaintiff was capable of low-stress work.

- Plaintiff would be off task 10% of the day due to her symptoms.

- Plaintiff could not push, bend, kneel, or pull.

- Plaintiff would miss work two to three times a month due to her impairments and treatment.

(R. 2094-97).

On October 22, 2024, Dr. Frank Snipes opined as follows:

- Plaintiff could sit, stand, and walk for less than two hours in an 8-hour workday.

- Plaintiff could lift and/or carry occasionally five pounds.

- Plaintiff could occasionally finger and could never grasp, turn, twist objects, or reach.

- Plaintiff was incapable of even low-stress work.

- Plaintiff would be off task 100% of the day due to her symptoms.

- Plaintiff could not stoop, kneel, push, crawl, bend, and pull.

- Plaintiff would miss work 100% of the time.

(R. 2098-2101).

The ALJ considered the opinions of Dr. Wu and Dr. Snipes together, and found them both unpersuasive, reasoning as follows:

> The undersigned finds Dr. Wu's and Dr. Snipes's opinion not persuasive because it is not consistent with the record.  As noted above, her cervical spine, lumbar spine, and shoulders had a reduced range of motion.   However, her sensation was intact. Her gait and station were normal.   She also did not need an assistive device to ambulate.   She also had right carpal tunnel release, and she could slowly return to regular activities after her procedure. Additionally, their opinions are not supported by their own medical evaluations they performed on [Plaintiff] that showed she had some limitations but not to the extent that she had a less than sedentary exertion (Exhibits 14F, 18F, 19F, 23F, 27F, 32F, 40F, 42F, and 46F). All of their examinations showed that [Plaintiff] had limitations in the shoulders, cervical spine, and lumbar; however, [Plaintiff's] gait was normal, and she did not need an assistive device to ambulate.

(R. 20).

Plaintiff appears to assign two categories of error to the ALJ's conclusion, one relating to the procedure followed by the ALJ and the other relating to the substantive conclusion reached by the ALJ.   The Court will address the procedural error first, followed by the substantive error.

### a.        Procedural Error

Plaintiff first argues that the ALJ committed a procedural error by failing to follow the requirements of 20 C.F.R. § 404.1520c(b)(2) in evaluating the opinions of Dr. Wu and Dr. Snipes. (DE 12 at 14).[2]   Under that regulation, ALJs must evaluate the persuasiveness of every medical opinion according to five factors, the most important of which are "supportability" and "consistency."   20 C.F.R. § 404.1520c(b)(2).   As to these two factors, the regulation requires that ALJs must "explain," in their final written decisions, how they considered these factors.   *Id.* ALJs may—but are not required—to explain how they considered the remaining three factors (relationship with claimant, specialization, and other factors).   *Id.*

Plaintiff argues that the ALJ violated § 404.1520c(b)(2) in this case by failing to articulate, in the final written decision, how she considered the supportability and consistency factors in evaluating the opinions of Dr. Wu and Dr. Snipes.   (DE 12 at 14).   The Court disagrees.   As other courts have noted, the supportability factor focuses on a comparison to the medical source's own records, while the consistency factor focuses on a comparison to other medical and non-medical sources and records.   *See Cook v. Comm'r Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) (discussing the differences between "supportability" and "consistency").   In reaching their decisions, ALJs need not expressly use the words

---

[2] The corresponding SSI regulation, 20 C.F.R. § 416.920c, is materially identical in all respects relevant here. Accordingly, the Court cites only the DIB regulation going forward to avoid unnecessary duplication.

"supportability" or "consistency" to comply with § 404.1520c(b)(2). *Alvarez v. Comm'r of Soc. Sec.*, No. 20-CV-24711, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022). Instead, a reviewing court should focus on the substance of the ALJ's analysis rather than on the use of any "magic words." *Id.*; *Sainato v. O'Malley*, No. 23-60727-CIV, 2024 WL 4881032, at *4 (S.D. Fla. Sept. 24, 2024).

Applying these standards here, the Court finds that the ALJ adequately explained how she considered the supportability and consistency factors. As to supportability, the ALJ expressly stated that the "opinions are not supported by [Dr. Wu's and Dr. Snipes'] own medical evaluations they performed on [Plaintiff] that showed she had some limitations but not to the extent" reflected in the opinions. (R. 20). The ALJ also compared Dr. Wu's and Dr. Snipes's opinions to their own treatment records, explaining that those records showed "that [Plaintiff] had limitations in the shoulders, cervical spine, and lumbar; however, [Plaintiff's] gait was normal, and she did not need an assistive device to ambulate." (R. 20). The Court finds this explanation sufficient to comply with § 404.1520c(b)(2).

As to consistency, the ALJ expressly found the opinions unpersuasive because they were not consistent with the record. (R. 20). The ALJ then compared the opinions to the broader record, noting that despite reduced range of motion, Plaintiff consistently exhibited intact sensation, normal gait and station, and no need for an assistive device. (R. 20). The Court finds this explanation sufficient to comply with the procedural requirements of § 404.1520c(b)(2).

### b. Substantial Evidence Error

Plaintiff next argues that the ALJ erred, as a factual matter, by finding the opinions of Dr. Wu and Dr. Snipes unpersuasive. (DE 12 at 13-19). The Court disagrees and finds that the record contains substantial evidence supporting the ALJ's conclusion, including the following:

- The record showed repeated findings of normal gait, station, intact sensation, and full or near-full strength in the extremities.  (R. 17-21, *e.g.*, R. 591, 604, 703, 818, 879, 880, 887, 956, 1199, 1271, 1426, 1465, 1555, 1509, 1694, 1699, 1710, 1717, 1746, 2120-21).

- The record included evidence that Plaintiff improved with therapeutic exercises, injections, and medication.  (R. 17-21, *e.g.*, R. 1144, 1160, 1313, 1315, 1322, 1324, 1327, 1620, 1628, 1630, 1645, 2127).

- Examinations consistently showed that Plaintiff did not require an assistive device to ambulate.  (R. 17-21, *e.g.*, R. 604, 611, 879, 923, 956, 1632, 1659, 1675, 1746).

- State agency medical consultants opined that Plaintiff could lift and carry up to twenty pounds occasionally and stand or walk for six hours in an eight-hour workday.  (R. 21, *e.g.*, R. 85-95, 97-107, 109-122, 124-137).

The Court finds the above evidence to be "substantial" within the meaning of the standard of review that applies here.  To be sure, Plaintiff has made a variety of arguments and pointed the Court to a variety of record evidence that the ALJ might have used to reach a different conclusion regarding the persuasive value afforded to the opinions of Dr. Wu and Dr. Snipes.  (DE 12 at 10-16).  However, the mere fact that some of the evidence conflicted with the ALJ's conclusion does not serve as a basis for remand.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005).  A reviewing court must affirm the ALJ's conclusions so long as substantial evidence supported those conclusions, even where the reviewing court might have reached a different decision based on the same evidence.  *See Winschel*, 631 F.3d at 1178.  As such, the Court finds no basis to remand on this issue.

### 2.     APRN Pimentel

APRN Pimentel is a treating psychiatric provider.   On October 23, 2024, APRN Pimentel opined as follows:

- Plaintiff has mostly marked to extreme limitations in understanding, memory, sustaining concentration, persistence, social interaction, and adaptation.

- Plaintiff would be off task more than 20% of the day due to her symptoms.

- Plaintiff has had three episodes of decompensation within twelve months, each lasting at least two weeks.

- Plaintiff has had a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause decompensation.

- Plaintiff has a current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.

- Plaintiff was incapable of even low-stress work.

(R. 2102-08).

The ALJ found APRN Pimentel's opinion unpersuasive, reasoning as follows:

The undersigned finds Ms. Pimentel's opinion not persuasive because it is not consistent with the record.  As noted above, she has been treated for depression and anxiety.  She reported no motivation, anhedonia, no energy, sadness, feeling miserable, physically feeling sick, and more anxiety levels. Her mental status examinations revealed that her mood was sad, "so-so", and/or "up and down."   She was tense, tearful, and irritable.   However, she was well groomed.   Her eye contact was good.   Her speech was normal.   She was cooperative.   She was alert and oriented times three.   She had average intelligence.   Her memory was intact. Her thought process was organized, linear, and goal directed. She had no hallucinations. Her insight and judgment were good. She had no suicidal or

9

homicidal ideation.   She was given psychotropic medications and was taught coping skills as well.   She reported that her medications were okay as well.   Ms. Pimentel's opinion is also not supported by her own mental status evaluations she performed on [Plaintiff] that were relatively benign (Exhibits 15F, 22F, 29F, 30F, and 41F).   [Plaintiff] has never been psychologically hospitalized as well.

(R. 21).

Plaintiff argues that the ALJ committed error by finding, as a factual matter, that APRN Pimentel's opinion was unpersuasive.   (DE 12 at 19-21).   The Court disagrees and finds that the record contains substantial evidence supporting the ALJ's conclusion, including the following:

- Mental status examinations consistently showed that Plaintiff was well groomed, cooperative, alert, oriented, with good eye contact, normal speech, intact memory, organized and goal-directed thought processes, and good insight and judgment. (R. 19-22, *e.g.*, R. 696-98, 774, 778, 1072, 1394, 1398, 1402, 2032, 2036, 2040).

- Plaintiff reported her mood was "okay," "so-so", and/or "up and down."   (R. 19-22, *e.g.*, R. 696, 1072, 1394, 1414, 1426, 1430, 2032, 2036, 2040).

- Plaintiff denied suicidal ideation, homicidal ideation, hallucinations, and psychotic symptoms.   (R. 19-22, *e.g.*, R. 697, 773, 775, 778, 1072, 1075, 1393, 1394, 1398, 1401, 1402, 1450, 2035, 2040).

- Plaintiff's providers treated her conservatively with therapy, medications, and coping skills.   (R. 19-22, *e.g.*, R. 699, 779, 1073, 1393, 1397, 1401, 2033, 2037, 2041).

- Plaintiff reported that her medications were "okay" and indicated she would like to continue on the same medication regimen.   (R. 19-22, *e.g.*, R. 1379, 1393, 1401, 1453, 2035).

10

- Plaintiff had never been psychiatrically hospitalized.   (R. 19-22, *e.g.*, 696).

- Plaintiff reported engaging in daily activities including reading, listening to podcasts, journaling, caring for her children, talking to friends, managing her own finances, and providing her own transportation.   (R. 13-14, 28, *e.g.*, R. 695, 697, 773, 1115, 1394, 1398).   Plaintiff also testified that she is able to maintain a daily routine, including meeting a friend for coffee.   (R. 71).

- At the psychological consultative examination, Plaintiff demonstrated average intellectual functioning, intact remote and short-term memory, satisfactory concentration, intact abstract reasoning, and the ability to follow simple and complex commands.   (R. 13, 15, 18-19, *e.g.*, R. 697).   The consultative examiner observed that Plaintiff could sustain sufficient attention and focus, had normal process speed, and exhibited satisfactory social reasoning and impulse control.   (R. 13, 15, 18-19, *e.g.*, R. 697).

- State agency psychological consultants opined that Plaintiff retained the ability to perform at least simple work activities.   (R. 21-22, *e.g.*, R. 109-122, 124-137).

The Court finds the above evidence to be "substantial" within the meaning of the standard of review that applies here.   Again, Plaintiff has made a variety of arguments and pointed the Court to a variety of record evidence that the ALJ might have used to reach a different conclusion regarding the persuasive value afforded to APRN Pimentel's opinion.   However, the mere fact that some of the evidence conflicted with the ALJ's conclusion does not serve as a basis for remand.   *See Moore*, 405 F.3d at 1213.   A reviewing court must affirm the ALJ's conclusions so long as substantial evidence supported those conclusions, even where the reviewing court might

11

have reached a different decision based on the same evidence.  *See Winschel*, 631 F.3d at 1178.

As such, the Court finds no basis to remand on this issue.

### B.   Evaluation of Plaintiff's Subjective Complaints

Plaintiff next argues that the ALJ erred in evaluating Plaintiff's subjective complaints concerning the intensity, persistence, and limiting effects of her symptoms.  (DE 12 at 21-23). When a claimant attempts to prove disability based on subjective statements, the claimant must provide evidence of an underlying medical condition as well as objective medical evidence confirming the severity of the alleged symptoms or evidence establishing that the medical condition could be reasonably expected to give rise to the alleged symptoms.  *See* 20 C.F.R. § 404.1529(a), (b).   If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms, but the claimant establishes that he or she has an impairment that could reasonably be expected to produce the alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and its effect on the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c), (d).   If the ALJ chooses to discount a claimant's statements, the ALJ "must clearly 'articulate explicit and adequate reasons'" for doing so.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote*, 67 F.3d at 1561).   A reviewing court "will not disturb a clearly articulated [subjective complaint] finding supported by substantial evidence."  *Mitchell*, 771 F.3d at 782.

Here, the ALJ discounted Plaintiff's subjective complaints, reasoning as follows:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the record. [Plaintiff's] record supports a light [RFC] with postural, manipulative, environmental, and mental limitations.

(R. 16).   Based in part on this conclusion, the ALJ found Plaintiff not disabled and denied benefits. (R. 24).

Plaintiff appears to assign two categories of error to the ALJ's conclusion, one relating to the procedure followed by the ALJ and the other relating to the substantive conclusion reached by the ALJ.   The Court will address the procedural error first, followed by the substantive error.

### a.       Procedural Error

Plaintiff first argues that the ALJ committed a procedural error by failing to "provide explicit reasons" why she discounted Plaintiff's subjective complaints.   (DE 12 at 22).   The Court disagrees.   The ALJ found Plaintiff's subjective complaints "not entirely consistent with the medical evidence and other evidence in the record *for the reasons explained in this decision*."   (R. 16) (emphasis added).   The written decision, in turn, detailed numerous instances where the record evidence conflicted with Plaintiff's subjective complaints.   (R. 13-22).

As a matter of drafting, the ALJ was not bound to cut-and-paste from earlier portions of the decision and block copy those portions verbatim into her discussion of Plaintiff's subjective statements.   It was sufficient to incorporate them by reference, as the ALJ did here.   The Court finds no error in the manner in which the ALJ articulated her reasons for discounting Plaintiff's subjective complaints.

### b.       Substantial Evidence Error

Plaintiff next seems to argue that the ALJ erred, as a factual matter, by discounting Plaintiff's subjective complaints.   (DE 12 at 22-23).   The Court disagrees and finds substantial evidence to support the ALJ's conclusion regarding Plaintiff's subjective complaints, including

the following:

- Despite Plaintiff's allegations of disabling symptoms, the State agency consultants found that Plaintiff retained the ability to perform at least simple work activities, and that Plaintiff could lift and carry up to twenty pounds occasionally and stand or walk for six hours in an eight-hour workday.  (*e.g.*, R. 85-95, 97-107, 109-122, 124-137).

- Plaintiff's treatment consisted primarily of medication management, physical therapy, and psychotherapy.  (*e.g.*, R. 699, 779, 1073, 1144, 1160, 1313, 1315, 1322, 1324, 1327, 1393, 1397, 1401, 1620, 1628, 1630, 1645, 2033, 2037, 2041, 2127).

- Plaintiff also reported that she would like to continue on the same medication regimen, and that she improved with therapeutic exercises, injections, and medication.  (*e.g.*, R. 1144, 1160, 1313, 1315, 1322, 1324, 1327, 1393, 1379, 1401, 1453, 1620, 1628, 1630, 1645, 2127, 2035).

- Although Plaintiff reported difficulty or needing some assistance performing certain tasks of daily living, Plaintiff also reported engaging in daily activities including reading, listening to podcasts, journaling, caring for her children, talking to friends, managing her own finances, and providing her own transportation. (*e.g.*, R. 695, 697, 773, 1115, 1394, 1398).  Plaintiff also testified that she is able to maintain a daily routine, including meeting a friend for coffee.  (R. 71).

The Court finds the evidence to be "substantial" within the meaning of the deferential standard of review that applies here.  Once again, Plaintiff has pointed the Court to a variety of

record evidence that the ALJ might have used to reach a different conclusion regarding her subjective complaints. As stated, however, the mere fact that some of the evidence conflicted with the ALJ's conclusion does not serve as a basis for remand. *See Moore*, 405 F.3d at 1213. The Court finds no error.

## IV.    CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1.    Consistent with the Court's ruling, Plaintiff's Motion for Summary Judgment (DE 12) is **DENIED**, and the Commissioner's Motion for Summary Judgment (DE 17) is **GRANTED**.

2.    The Commissioner's administrative decision is **AFFIRMED**.

3.    The Court will separately issue final judgment in accordance with Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of May 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

15